IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENNETH SUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 08 C 2635 |
| ) | |
| OFFICER CARROL #14575, OFFICER ) | Judge Milton Shadur |
| MCDERMOTT #3697, UNKNOWN ) | |
| OFFICERS, and the CITY OF CHICAGO, ) | Magistrate Judge Susan Cox |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICER MCDERMOTT'S ANSWER TO
PLAINTIFF'S COMPLAINT AT LAW**

Defendant, Douglas McDermott, by his attorney, Terrence M. Burns of Dykema Gossett, PLLC, for his answer to plaintiff's complaint, states:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** This Defendant admits plaintiff's complaint includes claims that invoke the jurisdiction of this court. This Defendant denies any liability to plaintiff for any of the claims asserted in the complaint.

**PARTIES**

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** This Defendant admits plaintiff provided information to police that included a home address in Chicago, Illinois. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any information provided by plaintiff. This

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 2.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:** This Defendant admits he and Defendant Officer Michael Carroll were employed by the Chicago Police Department and were on duty as Chicago police officers on November 2, 2006.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** This Defendant makes no answer or response to the allegations of paragraph 4 to the extent they are directed against other defendants. This Defendant admits he is employed by the Chicago Police Department as a police officer. This Defendant further admits that on November 2, 2006, he was employed as a Chicago police officer and while on duty, acted in accordance with the lawful duties of his office. This Defendant denies any remaining allegations in paragraph 4 inconsistent with the foregoing.

## FACTS

5. On or about November 2, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** This Defendant denies the allegations contained in paragraph 5.

6. On or about November 2, 2006, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** This Defendant denies the allegations contained in paragraph 6.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:** This Defendant denies the allegations contained in paragraph 7.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:** This Defendant makes no response to the allegations of paragraph 8 to the extent not directed against him. This Defendant admits he participated in the arrest of plaintiff on November 2, 2006, and further, that plaintiff subsequently was charged with criminal offenses. This Defendant denies the remaining allegations contained in paragraph 8.

9. On November 2, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** This Defendant denies the allegations contained in paragraph 9.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:** This Defendant denies the allegations contained in paragraph 10.

11. On or about November 2, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:** This Defendant admits that on November 2, 2006, he was employed by the Chicago Police Department as a duly appointed police officer, and that his participation in the arrest of plaintiff while on duty was within the course and scope of his employment. This Defendant admits plaintiff has sued him and Officer Carroll in their individual capacities. This Defendant denies engaging in "the conduct complained of" in the complaint. To the extent any remaining allegations in paragraph 11 are inconsistent with the foregoing, this Defendant denies those allegations.

12. Upon information and belief, OFFICER CARROL #14575, on November 2, 2006, came into physical contact with PLAINTIFF.

**ANSWER:** This Defendant admits Officer Carroll was assigned Star #14575 on November 2, 2006, and that he participated in the arrest of plaintiff on that date. This Defendant is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in paragraph 12. This Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12.

13. Upon information and belief, OFFICER MCDERMOTT #3697, on November 2, 2006, came into physical contact with PLAINTIFF.

**ANSWER:** This Defendant admits he was assigned Star #3697 on November 2, 2006, and that he participated in the arrest of plaintiff on that date. This Defendant is without knowledge or information as to the meaning of the vague term "physical contact" as used by plaintiff in paragraph 13. This Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13.

14. Upon information and belief, UNKNOWN OFFICERS, on November 2, 2006, came into physical contact with PLAINTIFF.

**ANSWER:** This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the vague allegations contained in paragraph 14 concerning unnamed or "unknown" police officers. Further, this Defendant is without knowledge or information as to the meaning of the ambiguous term "physical contact" as used by plaintiff in paragraph 14, and he therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

## CONSPIRACY

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF; and

   e. generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:** To the extent the allegations of paragraph 15 are directed against this Defendant, he denies those allegations.

   16. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 2, 2006 until October 15, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused PLAINTIFF to, *inter alia,* suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**ANSWER:** This Defendant denies the allegations contained in paragraph 16.

## EQUAL PROTECTION

   17. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** To the extent the allegations of paragraph 17 are directed against this Defendant, he denies those allegations.

   18. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in

incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:** To the extent the allegations of paragraph 18 are directed against this Defendant, he denies those allegations.

## *MONELL* ALLEGATIONS

19. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

   a. generate false documentation to cover-up for the misconduct of fellow police officers;

   b. engage in acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   d. fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;

   e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

   f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

   g. fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere

        exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.     fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.     fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

7

      n.      fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

      o.      fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER:** The allegations in paragraph 19 do not appear to be directed against this Defendant. To the extent a response is deemed necessary, this Defendant denies participation in or knowledge of any of the purported customs, practices, and/or policies alleged by plaintiff in paragraph 19, and he therefore denies the allegations contained in paragraph 19, including subparagraphs (a) through (o), inclusive, and each of them.

20. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

**ANSWER:** The allegations in paragraph 20 do not appear to be directed against this Defendant. To the extent a response is deemed necessary from this Defendant, he denies participation in or knowledge of any of the purported practices and/or customs alleged in the complaint, and he therefore denies the allegations contained in paragraph 33.

21. A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER:** The allegations in paragraph 21 do not appear to be directed against this Defendant. To the extent a response is deemed necessary, this Defendant denies participation in or knowledge of any alleged "code of silence," and he therefore denies the allegations contained in paragraph 21.

**COUNT I**
**§1983 Excessive Force**

22. PLAINTIFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 21 as and for his answer and response to paragraph 22 as though fully set forth herein.

23. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:** This Defendant denies the allegations contained in paragraph 23.

24. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** This Defendant denies the allegations contained in paragraph 24.

WHEREFORE, Defendant, Douglas McDermott, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count I, and for his costs and such further relief as this Court deems just.

**COUNT II**
**§1983 False Arrest**

25. PLAINTIFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 21 as and for his answer and response to paragraph 25 as though fully set forth herein.

26. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.

Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**  This Defendant denies the allegations contained in paragraph 26.

27. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**  This Defendant denies the allegations contained in paragraph 27.

WHEREFORE, Defendant, Douglas McDermott, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count II, and for his costs and such further relief as this Court deems just.

## COUNT III
### Malicious Prosecution - State Claim

28. PLAINTIFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 21 as and for his answer and response to paragraph 28 as though fully set forth herein.

29. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:** This Defendant admits plaintiff was arrested and subsequently charged with violations of the laws of the State of Illinois. This Defendant further admits criminal proceedings were commenced against plaintiff. This Defendant denies any remaining allegations contained in paragraph 29 inconsistent with the foregoing.

30. The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:** This Defendant denies the allegations contained in paragraph 30.

31. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:** This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31.

32. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:** This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32.

33. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:** This Defendant denies the allegations contained in paragraph 33.

WHEREFORE, Defendant, Douglas McDermott, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count III, and for his costs and such further relief as this Court deems just.

## COUNT IV
### §1983 Conspiracy Claim

34. PLAINTIFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 21 as and for his answer and response to paragraph 34 as though fully set forth herein.

35. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER:** This Defendant denies the allegations contained in paragraph 35.

WHEREFORE, Defendant, Douglas McDermott, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count IV, and for his costs and such further relief as this Court deems just.

## COUNT V
### Conspiracy Claim - State Law

36. PLAINTIFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 21 as and for his answer and response to paragraph 36 as though fully set forth herein.

37. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:** This Defendant denies the allegations contained in paragraph 37.

WHEREFORE, Defendant, Douglas McDermott, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count V, and for his costs and such further relief as this Court deems just.

## COUNT VI
### §1983 Equal Protection - Class of One

38. PLAINTIFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** This Defendant adopts and restates his answers and responses to paragraphs 1 through 21 as and for his answer and response to paragraph 38 as though fully set forth herein.

39. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:** This Defendant denies the allegations contained in paragraph 39.

40. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** This Defendant denies the allegations contained in paragraph 40.

WHEREFORE, Defendant, Douglas McDermott, denies plaintiff is entitled to any judgment whatsoever as against him, and he requests that this Court enter judgment in his favor and against plaintiff on count VI, and for his costs and such further relief as this Court deems just.

## COUNT VII – *Monell*

Count VII does not seek relief from this Defendant. This Defendant therefore does not answer or respond to the allegations contained in count VII.

## COUNT VIII
## 745 ILCS 10/9-102 *Claim* Against the CITY OF CHICAGO

Count VIII does not seek relief from this Defendant. This Defendant therefore does not answer or respond to the allegations contained in count VII.

## COUNT IX
## Supplementary Claim for *Respondeat Superior*

Count IX does not seek relief from this Defendant. This Defendant therefore does not answer or respond to the allegations contained in count VII.

### Jury Demand

50.  Plaintiff demands trial by jury.

**ANSWER:** This Defendant admits plaintiff's complaint includes a jury demand. This Defendant denies any liability to plaintiff for any of the claims asserted in the complaint.

### DEFENDANT MCDERMOTT'S AFFIRMATIVE DEFENSES

Defendant, Douglas McDermott, without prejudice to his denials and all other statements in his answer and elsewhere, for his affirmative defenses to plaintiff's complaint, states:

1.  An award of punitive damages would deprive Defendant McDermott of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where liability for punitive damages has not been proven beyond a reasonable doubt or at least by clear and convincing evidence, or where the award of punitive damages is disproportionate to actual damages.

2. Under the Illinois Tort Immunity Act, Defendant McDermott is not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. Defendant McDermott is not liable for any of plaintiff's alleged claims because a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. Defendant McDermott is entitled to qualified immunity for his alleged conduct because it was not clearly established that his actions violated plaintiff's constitutional rights. A reasonably competent police officer, objectively viewing the facts and circumstances then confronting defendant officers, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.

5. As to plaintiff's state law claims, Defendant McDermott is not liable to pay attorney fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

6. Defendant McDermott is absolutely immune for any testimony he may have given in plaintiff's underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

7. Under the Illinois Tort Immunity Act, a public employee is not liable for injuries caused by his institution or prosecution of any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

8.    To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principal that a plaintiff has a duty to mitigate those damages.

9.    To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff as reflected in the public record, including but not limited to police reports and court records, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to him by the jury in this case.

10.   Plaintiff's federal law claims are barred by the applicable statute of limitations.

11.   Plaintiff's state law claims are barred by the applicable statute of limitations. *Day v. Conwell*, 244 F.Supp.2d 961, 964 (N.D. Ill. 2003) (One year limitations period found in the Illinois Tort Immunity Act, 745 ILCS 10/8-101, applies to state law claims). Plaintiff's claims are based on alleged police officer misconduct that occurred on November 2, 2006. Plaintiff's claims accrued on that date. *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998). Under the one year limitations period, plaintiff's state law claims should have been filed on or before November 2, 2007. However, the complaint was not filed until May 7, 2008 (Dkt. #1), more than six months after the expiration of the applicable statute of limitations.

**JURY DEMAND**

Defendant Douglas McDermott respectfully requests a trial by jury.

Dated:  August 8, 2008                                  Respectfully submitted,


                                                        By: s/ Paul A. Michalik
                                                            One of the Attorneys for Defendant,
                                                            DOUGLAS MCDERMOTT

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly D. Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2008, I electronically filed the foregoing **Defendant Officer McDermott's Answer to Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Abbas Merchant
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois  60603
312.676.2100 (telephone)
312.372.7076 (facsimile)
lobh@att.net

                                                s/ Paul A. Michalik
                                                Paul A. Michalik

CHICAGO\2488962.1
ID\PAM